IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | CIVIL ACTION |
| v.      ) | |
| ) | FILE No. _____ |
| FIRST SOUTHERN      ) | |
| MANAGEMENT COMPANY, LLC, ) | |
| ) | |
| Defendant.      ) | |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel, and files this, his Complaint against Defendant FIRST SOUTHERN MANAGEMENT COMPANY, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division, and the real property and improvements at issue in this case are situated in Cobb County, Georgia, and Defendant maintains its registered agent for service of process in Dekalb County, Georgia.

**PARTIES**

3. Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Cartersville, Georgia (Bartow County).

4. Plaintiff is an amputee and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant FIRST SOUTHERN MANAGEMENT COMPANY, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Katherine W. Warden, 1842 Independence Square, Suite C, Atlanta, Georgia, 30338.

## FACTUAL ALLEGATIONS

9. On or about September 13, 2020, Plaintiff was a customer at "Sam's BBQ," a business located at 4944 Lower Roswell Road, Marietta, Georgia 30068.

10. Defendant is the property manager of the real property and improvements that are the subject of this action. (Said real property shall be referenced herein as the "Property," and primary contiguous structures and improvements situated upon said real property shall be referenced herein as the "Strip Mall Facility," and the separate structure situated on the western portion of the Property shall be referenced as the "Baristas Facility." Together the Strip Mall Facility and the Baristas Facility shall be referenced as the "Facilities.")

11. Upon information and good faith belief, the Facilities and Property are under the possession and control of Defendant.

12. Plaintiff lives approximately thirty-eight (38) miles from the Facilities and Property, and his place of employment is approximately seventeen (17) miles from the Facilities and Property.

13. Plaintiff regularly commutes and otherwise travels in the near vicinity of the Facilities and Property.

14. Plaintiff's access to the business(es) located at 4958 Lower Roswell Road, Marietta, Georgia 30068 (of which 4944 Lower Roswell Road, Marietta,

Georgia 30068 is a part), (Cobb County Property Appraiser's parcel number 01014400570), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

15. Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

16. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

17. Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18. On July 26, 1990, Congress enacted the Americans with Disabilities

Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

19. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. Each Facility is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Each Facility must be, but is not, in compliance with the ADA and

ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Facilities and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities,

privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

**(a)   EXTERIOR ELEMENTS:**

(i) The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Strip Mall Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii) The two accessible parking spaces on the Property most proximate to the "Water House" portion of the Strip Mall Facility are each missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(iii) The walking surfaces of the accessible route leading from the two accessible parking spaces on the Property most proximate to the "Water House" portion of the Strip Mall Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. This portion of the accessible route also has a total rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(iv) The signage for the two accessible parking spaces on the Property most proximate to the Unit 124 portion of the Strip Mall Facility are not installed at a permissible height, in

8

       violation of section 502.6 of the 2010 ADAAG standards.

(v)     The side flares of the ramps most proximate to the entrance of the Unit 124 portion of the Strip Mall Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(vi)    The two accessible parking spaces on the Property most proximate to the "Sam's BBQ" portion of the Strip Mall Facility are not located on the shortest accessible route to the accessible entrances of the Strip Mall Facility, requiring significant travel within the vehicular way, in violation of sections 208.2 and 208.3 of the 2010 ADAAG standards.

(vii)   The walking surfaces of the accessible route between Unit 124 of the Strip Mall Facility and the "Sam's BBQ" portion of the Strip Mall Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. This portion of the accessible route also has a total rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(viii)  There are changes in level of the Property exceeding ½" (one half inch) that are not ramped, in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an outdoor seating patio on the Property proximate to the "Sam's BBQ" portion of the Strip Mall Facility that has a 1" vertical rise at its entry point.

(ix)  The Baristas Facility is situated upon a raised foundation that is not ramped, rendering it entirely inaccessible to disabled patrons that require a wheelchair for mobility purposes, such as Plaintiff, in violation of sections 206.2.1 and 303.4 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)  The interior of the "Sam's BBQ" portion of the Strip Mall Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)  The "Sam's BBQ" portion of the Strip Mall Facility lacks restrooms signage in compliance with sections 216.8 and 703 of

the 2010 ADAAG standards.

(iii) The hardware on the restroom doors in the "Sam's BBQ" portion of the Strip Mall Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv) The lavatories and/or sinks in the restrooms in the "Sam's BBQ" portion of the Strip Mall Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(v) The restrooms in the "Sam's BBQ" portion of the Strip Mall Facility are missing rear grab bars adjacent to the commodes therein, in violation of section 604.5 of the 2010 ADAAG standards.

(vi) The mirrors in the restrooms in the "Sam's BBQ" portion of the Strip Mall Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

33. Without limitation, the above-described violations of the ADAAG made it more difficult and dangerous for Plaintiff to travel upon the accessible

routes on the Property.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

35. Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary

modifications.

40. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, to the extent that such barriers to access are under Defendant's possession and control;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 19, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich